**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 09-55735 |
| Plaintiff - Appellee, | 09-55748 |
| v. | D.C. Nos.  2:00-cv-10590-SVW-SGL |
| ANDREW HANTZIS, | 2:00-cv-10591-SVW-SGL |
| Claimant - Appellant, | |
| and | MEMORANDUM[*] |
| $244,110.92 US CURRENCY, Real Property Located at 1812 258th Place; et al., | |
| Defendants, | |
| and | |
| WILMA BLOEMHOF, | |
| Claimant. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted May 24, 2011<sup>**</sup>

Before:     PREGERSON, THOMAS, and PAEZ, Circuit Judges.

In these consolidated cases, Andrew Hantzis, a federal prisoner, appeals pro se from the district court's judgments in the government's civil forfeiture actions. We have jurisdiction under 28 U.S.C. § 1291. We review for clear error the district court's finding that a party consented to a settlement agreement, *Ahern v. Cent. Pac. Freight Lines*, 846 F.2d 47, 48 (9th Cir. 1988), and for an abuse of discretion the district court's decision to enforce a settlement agreement, *Doi v. Halekulani Corp.*, 276 F.3d 1131, 1136 (9th Cir. 2002). We affirm.

The district court found that Hantzis's former counsel had his authorization to enter into an agreement with the government stipulating that the defendant properties were subject to forfeiture. Considering the record as a whole, the district court's finding is not clearly erroneous. *See Ahern*, 846 F.2d at 49; *see also Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous."). Accordingly, the district court did not abuse its discretion in

---

<sup>**</sup>     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

enforcing the stipulation and entering judgment for the government. *See Doi*, 276 F.3d at 1140.

Hantzis's remaining contentions are unpersuasive.

All pending motions are denied.

**AFFIRMED.**